**Bobby Gene GOODSON,**
**Plaintiff–Appellant,**

v.

**State of TENNESSEE, Defendant–**
**Appellee.**

**No. 03–6107.**

United States Court of Appeals,
Sixth Circuit.

Decided June 15, 2004.

Reconsideration Denied Aug. 4, 2004.

\* The Honorable Robert H. Cleland, United States District Judge for the Eastern District

Bobby Gene Goodson, Bristol, TN, pro se.

Before: GILMAN and COOK, Circuit Judges; and CLELAND, District Judge.\*

*ORDER*

Bobby Gene Goodson, pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

of Michigan, sitting by designation.

Goodson filed his amended complaint seeking monetary damages from the State of Tennessee based upon several prior state sentences and convictions. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) after concluding that Goodson's complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Reconsideration was denied. This appeal followed.

We review de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A suit may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest that clearly does not exist. *Id.*

Upon review, we conclude that the district court properly dismissed Goodson's complaint as frivolous. Goodson's complaint is barred by *Heck*. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to ob-

tain monetary damages or to attack the validity of his confinement. *Id.* at 487; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence). As Goodson's convictions have not been invalidated, any ruling on Goodson's arguments would call into question the validity of his convictions. Thus, the district court did not err in dismissing Goodson's civil rights complaint. *Heck*, 512 U.S. at 486–87.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.